IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEMARCO LADRELL MARQUIZ WOODARD                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:25-cv-271-CWR-LGI

STATE OF MISSISSIPPI, ET AL.                                               DEFENDANTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal. Pro se Plaintiff Demarco Ladrell Marquiz Woodard ("Plaintiff") brings this civil-rights Complaint under 42 U.S.C. § 1983. Plaintiff is housed at the Lauderdale County Detention Center in Meridian, Mississippi. He is proceeding *in forma pauperis* ("IFP"). *See* Order [7]. Upon liberal review of Plaintiff's Complaint [1] and other filings, the Court finds that this case should be dismissed.

I.     **Background**[1]

On July 15, 2020, Plaintiff is arrested in Lauderdale County for being a felon in possession of a firearm, and he is indicted for this charge on May 21, 2021, in cause number 132-21. At some point, Plaintiff bonds out of the Lauderdale County Detention Center ("LCDC"). Plaintiff states that while out on bond, on June 15, 2021, he is charged with statutory rape in Lauderdale County Circuit Court cause number 060-23. On October 3, 2021, Plaintiff is arrested for the statutory rape charge. On October 14, 2021, the Lauderdale County Circuit Court revokes Plaintiff's bond on the firearm charge.

On December 12, 2022, Plaintiff pleaded guilty to the firearm charge in cause number

---

[1] Information in this section is taken from Plaintiff's Complaint [1], Motion to Amend [8], and Plaintiff's prior civil action, *Woodard v. Sollie*, No. 3:23-cv-307-CWR-LGI (S.D. Miss. Jan. 24, 2024).

132-21. The Lauderdale County Circuit Court sentenced Plaintiff to a term of ten-years imprisonment, with six years suspended, and four years to serve in the custody of the Mississippi Department of Corrections ("MDOC"), followed by a five-year term of post-release supervision. On January 10, 2023, Plaintiff was transferred from the LCDC to a state prison.

Plaintiff states that on June 7, 2024, he was released from MDOC and returned to LCDC. Plaintiff states that his firearm sentence expired on July 9, 2024, but he remains detained at LCDC for the pending statutory rape charge in cause number 060-23.

A. Current Lawsuit

On April 17, 2025, Plaintiff filed this Complaint alleging a "denial of procedural due process considerations by the abuse of discretion" and "substantive limitations" on his rights to a "speedy trial, arraignment, right to counsel, release, bail proceedings, [and] initial appearance." Compl. [1] at 4. Plaintiff seeks injunctive relief along with monetary damages. The Court granted Plaintiff's Motion to Amend [8] and considers the allegations within Plaintiff's Motion as part of Plaintiff's Complaint. See Order [10].

Plaintiff sues the State of Mississippi, Attorney General Lynn Fitch, Probation Officer Margo Reed, District Attorney Kathryn Martin, Public Defender Marcus D. Evans, Sheriff Ward Calhoun, District Attorney Kassie A. Coleman, Deputy Sheriff Charles Pickett, Officer Steve Young, Parole Board Chairman Jeffery Belk, Parole Board Member Steve Pickett, and Officer Unknown Jackson. See Order [10]; Mot. to Am. [8] at 1–3; Compl. [1] at 2–4.

Plaintiff complains that he is currently detained under "no bail release" and asserts, without explanation, "suspension of bail release." Compl. [1] at 6, 9. As for individual

Defendants, Plaintiff complains that he is not receiving competent representation from his court-appointed counsel. Plaintiff alleges that Evans "assured him [that] he would be released on bond" when he was discharged from the custody of MDOC, but this has not happened. *Id*. at 5. Plaintiff alleges that during the investigation for the statutory rape charges, Deputy Charles Pickett, and Steve Young questioned him and "used deception by manipulation" that "induced . . . coerced confessions." Mot. to Am. [8] at 1.

Plaintiff complains that Parole Board Chairman Belk and Parole Board member Pickett deprived him of due process and equal protection by denying him parole for the possession of a firearm conviction on January 26, 2023, June 8, 2023, and May 2, 2024. *Id*. at 3. Lastly, Plaintiff claims Officer Unknown Jackson failed to sign his capias warrant as executed until Plaintiff filed his federal habeas corpus cases. *Id*. at 4.

B. <u>Prior Lawsuit</u>

On May 16, 2023, Plaintiff filed his first § 1983 lawsuit asserting many of these same allegations. Plaintiff filed this first lawsuit against Sheriff Billie Sollie, Public Defender Marcus D. Evans, Major Chrles Pickett, and Lauderdale County, Mississippi. *Woodard v. Sollie,* No. 3:23-cv-307-CWR-LGI (S.D. Miss. Jan. 24, 2024) ("*Woodard I*"). On January 24, 2024, the Court dismissed this case, with prejudice, as frivolous and for failure to state a claim under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B). J. [15]; Order of Dismissal [24].

In this prior case, Plaintiff sought monetary damages for false imprisonment alleging that his guilty plea for the firearm charge was based on ineffective assistance of counsel, that his pretrial incarceration violated his speedy trial rights, and that his sentence of

3

imprisonment and denial of parole were unconstitutional. The Court found Plaintiff's false imprisonment claims related to his firearm conviction were barred by *Heck v. Humphrey*, that Plaintiff failed to state a due process violation or equal protection claim related to his parole complaints, and that Plaintiff failed to state a claim of false imprisonment related to his pending charges in cause number 060-23. Order of Dismissal [24] at 3–7. Lastly, the Court found that Plaintiff's request for release from incarceration or invalidation of a detainer for the pending charges in cause number 060-23, were dismissed without prejudice to Plaintiff's pursuit of these claims in his then-pending habeas corpus case. *Id*. at 7–8.

## II.  Discussion

The Prison Litigation Reform Act allows a district court to dismiss an IFP complaint "at any time" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates early judicial screening of prisoner complaints)). Plaintiff is incarcerated and proceeding IFP, therefore his Complaint is subject to *sua sponte* screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Jarvis v. Hall*, No. 22-60098, 2023 WL 3818377, at *2 (5th Cir. June 5, 2023) (affirming *sua sponte* dismissal of prisoner's § 1983 claims without holding a screening hearing). Having conducted the required screening, the Court finds that this civil action should be dismissed.

### A.  Malicious Claims

The Court may dismiss a Complaint "as malicious if it duplicates claims raised by the same Plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490,

491 (5th Cir. 2012) (citation omitted). An action is duplicative or malicious if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (reiterating that "repetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious.") (internal quotations and citations omitted). Additionally, a subsequent complaint containing claims that "clearly stem from the same incident," remains malicious even if the plaintiff includes additional defendants or adds allegations. *Lewis v. Williamson Cnty., Texas*, No. 24-50461, 2024 WL 4930392, at *2 (5th Cir. Dec. 2, 2024) (affirming dismissal of prisoner's complaint against county as malicious despite prisoner's claim that his complaint is different from previous complaint because he adds allegations against a judge). Simply put, "IFP status does not entitle a plaintiff to avoid the ordinary rules of res judicata." *Id.* at 1 (quoting *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993)).

Plaintiff's claims arise largely from "the same series of events" and his allegations consist of "many of the same facts" of *Woodard I,* meaning most of this action is duplicative or malicious. *Bailey*, 846 F.2d at 1021. Although Plaintiff may name more defendants or expand upon his allegations in this lawsuit, most of his claims "clearly stem from the same incident[s]," his arrests, prosecution, and pretrial detention for the firearm charge in cause number 132-21 and the rape charge in 060-23. *Lewis*, 2024 WL 4930392, at *2 (citing *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) ("to the extent that the Browns assert that they have raised new claims, such claims clearly stem from the same decision of the Texas Board of Nurse Examiners that the Browns have already challenged in

5

multiple state and federal cases."); *MacWilliams v. Uncapher*, No. 24-50129, 2024 WL 4471978, at *1 (5th Cir. Oct. 11, 2024) ("an action raising the same factual allegations as a prior action is duplicative even if the plaintiff names different defendants in the second action.")).

Most of the allegations in this lawsuit repeat the claims Plaintiff asserted in *Woodard I*. Plaintiff's allegations that are repetitive or duplicative to his prior lawsuit are malicious and not permitted under the Prison Litigation Reform Act. The Court therefore finds that dismissal of Plaintiff's malicious claims is appropriate. *See Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014) (noting district court has "broad discretion" in dismissing a complaint as malicious); *Bailey*, 846 F.2d at 1021 (noting district court is "vested with especially broad discretion" in determining whether a malicious dismissal is warranted).

B.  Current Detention

Plaintiff's current suit also relates to his pretrial detention after the expiration of his sentence for the firearm conviction. During the pendency of *Woodard I*, Plaintiff began serving a term of imprisonment with MDOC for his firearm conviction, but now Plaintiff states he is detained only for cause number 060-23. Therefore, the Court liberally construes Plaintiff's allegations of the "suspension of bail" and "no bail release" to also challenge his current detention.

The Court first takes judicial notice of the state court proceedings in Plaintiff's criminal case as available on the Mississippi Electronic Case ("MEC") system. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (finding district

6

court may take judicial notice of public state court records); *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017) (noting court "may take judicial notice of matters of public record"); *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995) (taking judicial notice of state court orders). A review of the docket for Lauderdale County Circuit Court cause number 060-23, shows that Plaintiff is charged as a habitual offender with one count of lustful touching of a child and three counts of sexual battery. *See* Indictment, *State of Mississippi v. Woodard*, No. 38CI1:23-cr-00060-CW (Lauderdale Cnty. Cir. Ct. Jan. 12, 2023), MEC No 6. The docket reveals two agreed orders that were filed after Plaintiff filed this lawsuit. On August 28, 2025, the Circuit Court entered an "Agreed Order Setting Bond" which set Plaintiff's bond at $25,000 per count. *Id.* (MEC No. 50). On September 10, 2025, the Circuit Court entered an "Agreed Order Setting Pretrial Motions" that set a hearing on pretrial motions for November 26, 2025. *Id.* (MEC No. 54).

Any claim that state authorities are denying Plaintiff bail is no longer accurate. The Agreed Order Setting Bond is signed by Plaintiff's attorney, the prosecutor, and the trial judge. *Id.* (MEC No. 50). Likewise, the online inmate roster for the Lauderdale County Detention Center reflects that Plaintiff's bond totals $100,000.[2] Plaintiff has bond set for his current detention and jail officials are aware that Plaintiff has bond set.

Second, if the Court construes Plaintiff's "suspension of bail release" allegation as a claim of excessive bail, it is properly pursued in a habeas corpus case. *See Parks v. Hubbard*, no. 1:15-cv-294-LG-RHW, 2015 WL 5640187, at *2–3 (S.D. Miss., Sept. 24,

---

[2] *See* Inmate Roster, www.lauderdaleso.org/roster_view.php?booking_num=1102909 (last visited Sept. 22, 2025).

2015) ("A claim that the amount of bail violates the Eighth Amendment's excessive bail clause is properly brought pursuant to § 2241."). Any claims by Woodard that seek his release from detention or incarceration are not properly pursued in a civil rights action under § 1983. Habeas corpus provides the exclusive federal remedy for a state prisoner to challenge the fact or duration of his confinement and seek a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, any claims seeking habeas corpus relief in this § 1983 civil action are dismissed without prejudice to Plaintiff's pursuit of his claims in his pending habeas corpus cases. *See Woodard v. State of Miss.*, no. 3:25-cv-618-HTW-LGI (filed Aug. 15, 2025) (§ 2241 habeas petition challenging detention for pending charges in 060-23); *Woodard v. MDOC*, no. 3:23-cv-2992-CWR-RPM (filed Oct. 6, 2023) (§ 2254 habeas petition challenging firearm conviction).

### III.   Conclusion

For the reasons set forth above, Plaintiff's civil action is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action brought under 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE as malicious and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii). Any habeas corpus claims asserted in this § 1983 case are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED AND ADJUDGED,** this the 22nd day of September, 2025.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE